JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lisa Harvin

**DEFENDANTS**
National Railroad Passenger Corporation (Amtrak) and Brandon Bostian

(b) County of Residence of First Listed Plaintiff **Baltimore**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **District of Columbia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Kenneth M. Rothweiler, Fredric S. Eisenberg, Todd A. Schoenhaus
Eisenberg Rothweiler Winkler Eisenberg & Jeck P.C.
1634 Spruce Street, Philadelphia, PA 19103 (215) 546-6636

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1331 and 28 USC 1332
Brief description of cause:
Negligent and reckless conduct causing derailment of Northeast Regional Train 188

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  Legrome Davis
DOCKET NUMBER  2:15-cv-02694-LDD

DATE
02/25/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 11 Whalen Park Court, Catonsville, MD 21228

Address of Defendant: 60 Massachusetts Avenue, Washington, DC 20002; 10920 71st Road, Apt.5J, Forest Hills, NY 11375

Place of Accident, Incident or Transaction: Frankford Junction, a few miles northeast of 30th street station, Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: 2:15-cv-02694-LDD    Judge Honorable Legrome Davis    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☑  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☑ Other Personal Injury (Please specify) (Train Derailment) |
| 7. ☐ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) _____ |
| 11. ☐ All other Federal Question Cases | |
| (Please specify) _____ | |

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Todd A. Schoenahus , counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/25/2016    Attorney-at-Law    TAS1898 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lisa Harvin | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| National Railroad Passenger | : | NO. |
| Corporation (Amtrak), et al. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| | | |
|---|---|---|
| | Kenneth M. Rothweiler | |
| 2/25/2016 | Fredric S. Eisenberg | Plaintiffs |
| | Todd A. Schoenhaus | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-546-6636 | 215-546-0118 | Ken@erlegal.com; Fred@erlegal.com |
| | | Todd@erlegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**LISA HARVIN**
11 Whalen Park Court
Catonsville, MD 21228

       *Plaintiff*

  v.

              N o . :

**NATIONAL RAILROAD PASSENGER
CORPORATION a/k/a AMTRAK**
60 Massachusetts Avenue
Washington, DC 20002

  and

**BRANDON BOSTIAN**
1000 Washington Avenue
Apartment  419
Saint Louis, MO  63101

       *Defendants*

   COME NOW the Plaintiff, by and through her attorneys, Eisenberg, Rothweiler, Winkler,

Eisenberg & Jeck, P.C., and allege as follows:

### INTRODUCTION

   1.  On May 12, 2015, at approximately 9:20 p.m., Amtrak Regional Rail Train 188

was traveling northbound to New York City at approximately 106 mph as it approached

Frankford Junction in Philadelphia, Pennsylvania, a few miles northeast of 30th Street Station.

   2.  This speed was outrageously fast given the nature of the considerable curvature

of the tracks in that location and the fact that the speed limit there was only 50 mph.

3.      As a result of Defendants' negligent and reckless operation of Train 188, all seven passenger cars and the locomotive of Train 188 derailed, causing one car to flip upside down and several others to be thrown onto their sides.

4.      Upon information and belief, there were approximately 238 passengers and 5 crew members on board Train 188 at the time of the crash.

5.      Eight passengers died in the tragedy and over 200 passengers were injured, including the Plaintiffs in this litigation who sustained the catastrophic injuries discussed more fully below.

6.      Amtrak has been on notice of this dangerous turn and tracks in the location of Frankford Junction for decades.

7.      In roughly the same area of the tracks on Labor Day in 1943, a Pennsylvania Railroad Congressional Limited train derailed, killing 79 people and injuring 117 others.

8.      Had available and proper precautions and safety and technological measures been implemented by Amtrak and the train operator, this tragedy would have been prevented and countless innocent lives would not have been devastated.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Amtrak was created under and is regulated by the laws of the United States, and pursuant to 28 U.S.C. §1332 because the amount in controversy threshold is met and diversity of citizenship exists.

10.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §1391(b) because the causes of action upon which the

Complaint is based arose in Philadelphia County, Pennsylvania which is within the Eastern District of Pennsylvania.

## PARTIES

11.     Plaintiff Lisa Harvin is an adult individual residing as a citizen at the above-captioned Maryland address.

12.     Plaintiff was a passenger sitting by a window in the second railcar during the derailment of Train 188, which was owned, operated, maintained, and controlled by Defendants at all material times.

13.     Defendant, National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak"), is a corporation organized and existing under the laws of the United States of America with its principal place of business located at 60 Massachusetts Avenue, Washington, D.C. 20002.

14.     Defendant Brandon Bostian ("Mr. Bostian") is an adult individual residing at the above-captioned address and was the engineer of Train 188 at all material times.

15.     At all material times, Amtrak has carried out, and continues to carry out, substantial, continuous and systematic activities in the Commonwealth of Pennsylvania and has purposely established significant contacts within Pennsylvania.

16.     The injuries and damages alleged in this lawsuit arise out of, and are related to, Amtrak's contacts and activities in the Commonwealth of Pennsylvania.

17.     At all material times, Amtrak was acting by and through its employees, servants, agents, workmen, and/or staff, including Mr. Bostian, all of whom were acting within the course and scope of their employment, for and on its behalf.

3

## FACTUAL AVERMENTS

18.    On May 12, 2015, Plaintiff was a passenger on board Train 188 that was owned, operated, maintained and controlled by Amtrak, heading from Baltimore to New York City.

19.    Upon information and belief, Amtrak Train 188 originally departed from Washington D.C.'s Union Station approximately 15 minutes later than its scheduled 7:10 p.m. departure time, and made stops at several stations, including BWI Airport, before stopping at 30th Street Station in Philadelphia, PA.

20.    Train 188 left Philadelphia, PA shortly after 9:00pm and was scheduled to make additional stops before reaching its final destination at Penn Station in New York, NY.

21.    Mr. Bostian had served as an engineer with Amtrak since December 2010 and was a Conductor with Amtrak for four previous years.

22.    At all material times, Mr. Bostian was working within the course and scope of his employment with Amtrak.

23.    When Mr. Bostian operated Train 188 out of Philadelphia, he reached excessive, careless, and reckless speeds, which resulted in Train 188 taking the sharp and dangerous curve at Frankford Junction in excess of twice the legal speed.

24.    Defendants' negligent and reckless acts and omissions resulted in the train violently leaving the tracks and flipping over, as depicted in the below picture:



**Photo courtesy of NTSB Preliminary Report.**

25.    Prior to the accident, wayside signals alerted or should have alerted Mr. Bostian to the sharp and dangerous curve ahead to warn him to reduce speed.

26.    Upon information and belief, one minute and five seconds before the crash, the train was traveling at 70 miles per hour.

27.    Upon information and belief, 43 seconds before the crash, the train was traveling at 80 miles per hour.

28.    Upon information and belief, 31 seconds before the crash, the train was traveling at 90 miles per hour.

29.    Upon information and belief, 16 seconds before the crash, the train topped 100 miles per hour.

30.    Mr. Bostian, in possession of a cellular telephone that may have been in use at the time, failed to reduce the train's speed until he applied the emergency brake just seconds before the crash, which only slowed the train from 106 mph to 102 mph at the time of the crash.

31.    The violent and high speed derailment resulted in the engine detaching from the first car which became unrecognizably mangled and detached from the second car, as depicted in the below pictures:



**Photo courtesy of NYT Graphics.**



**Photo courtesy of NTSB Preliminary Report.**

32.     At all material times, Amtrak knowingly failed to equip Train 188 with a Positive Train Control system (hereinafter "PTC").

33.     PTC is a GPS communication- and processor-based train control technology designed to prevent train-to-train collisions as well as over-speed train derailments.

34.     Positive train control provides real-time information to train crew members about, among other things, the areas in which a train must be slowed or stopped and the speed limits at approaching curves and other reduced-speed locations.

35.     Positive train control also warns the train crew of the train's safe braking distance in curved or reduced-speed locations, and displays the same on screens inside the locomotive's cab.

36.     The PTC system works to automatically stop a train if the train operator fails to begin stopping a train or slow a train down within a speed-restricted area.

37.     If the engineer does not respond to the ample warnings and on-screen displays, the PTC system will automatically activate the brakes and safely stop the train.

38.     PTCs were designed specifically to prevent train-to-train collisions and prevent derailments caused by excessive speeds, among other purposes.

39.     At all material times, PTC systems were affordable, available, feasible, and intended to improve safety.

40.     Upon information and belief, PTC systems are currently operational on various stretches of railroad throughout Massachusetts, Connecticut, New Jersey, Maryland, and Delaware.

41.     Amtrak knowingly and intentionally failed to put in place a PTC system on the Amtrak Train 188 and/or on the Northeast Corridor, where this tragic and preventable accident occurred.

42.     Amtrak also utilizes an automated control system/advanced civil speed enforcement system which uses mechanical means to slow down trains traveling at excess speeds.

43.     Amtrak utilizes automated control system/advanced civil speed enforcement system for trains traveling southbound in the area of this accident, but failed and/or refused to utilize this safety system for trains traveling northbound, such as Train 188.

44.     Thus, Amtrak failed to use available and in-use safety technology for trains and passengers on the accident stretch of track which would have prevented this horrific incident.

45.     Upon information and belief, the computer/alert system which was in the Amtrak Train 188 failed to properly alert the engineer of the need to reduce speeds.

46.     The train-control system in place on the Train 188 was defective in that it allowed the operator(s) of the train to bypass and/or ignore the alarm signal.

47.     The operator(s) of the train bypassed and/or ignored the alarm signal.

48.     The train-control system in place on the Train 188 failed to adequately stop or slow down the train.

49.     The locomotive of Train 188 was manufactured and built by Siemens in 2014.

50.     Amtrak failed to use readily available and safer train control and/or alert system technology, which would have prevented this tragedy.

51.     Through its reckless operation on the tracks and inexcusable decision to not include a necessary safety system, Amtrak caused this horrific tragedy which killed at least eight people and injured hundreds, including Plaintiff.

52.     Amtrak, through its President and CEO, has admitted that it bears "full responsibility" for this catastrophic crash, which would have been avoided had it chosen to install the aforementioned PTC system.

53.     During the derailment, Plaintiff was violently thrown about inside the second passenger car (Quiet Car) of Train 188, and was trapped between the overhead luggage rack, which was beneath her, and the tops of two seat backs for almost an hour before first responders were able to bring equipment in to extricate her.

54.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of the Defendants, Plaintiff Lisa Harvin suffered serious and disabling injuries, including but not limited to a concussion, temporary loss of consciousness, cervical sprain, chest wall contusion, shoulder and biceps tendon tears, multiple rib fractures, bulging and herniated disks, abdominal pain, torn meniscus, TMJ dysfunction, Posttraumatic stress disorder, anxiety, depression, hearing and vision loss, and dizziness requiring emergent hospital care, multiple surgeries, injections, and assorted therapies; mental and emotional pain and suffering; physical pain, suffering and loss of life's pleasures, past, present and future; hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies, drugs, and other medical care and ongoing treatment; and other psychological, psychiatric, and neurological injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

55.     As a further direct and proximate result of Defendants' aforementioned conduct, Plaintiff Lisa Harvin has in the past, and continues to suffer pain, disfigurement,

scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on her ability to engage in normal activities, and other intangible losses.

56.     As a further direct and proximate result of Defendants' aforementioned conduct, Plaintiff Lisa Harvin has been prevented and may be prevented in the future from performing her usual duties, activities, occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

57.     Defendants are directly liable to Plaintiff for their culpable acts and omissions, and Amtrak is vicariously liable to Plaintiff for the culpable acts and omissions of its employees and agents, including but not limited to Mr. Bostian.

58.     Defendants are responsible for these damages and punitive damages in connection with their outrageous conduct.

## COUNT I – NEGLIGENCE
## PLAINTIFF V. ALL DEFENDANTS

59.     All preceding paragraphs are incorporated herein by reference.

60.     Train 188 was operated for a profit by Amtrak and specifically engineered by its employee and agent Mr. Bostian at the time of the deadly derailment.

61.     Amtrak, a common carrier, owed its passengers the highest duty to ensure their safety during their travels.

62.     Plaintiff and the other passengers on Train 188 trusted Amtrak, its employees, and agents with their lives as they rode as passengers on the train with no ability to control the operation themselves or prevent a derailment.

63.     Amtrak controlled the train route, the tracks and signals on the tracks.

9

64.     Amtrak, by and through its employees and/or agents caused the injuries and damages sustained by Plaintiff and acted carelessly, negligently, grossly negligently, recklessly, and outrageously through the following actions and/or inactions:

     a.     Operating Train 188 at over twice the legal speed limit;

     b.     Operating Train 188 at 106 mph just before the derailment;

     c.     Operating Train 188 at 102 mph at the time of the derailment;

     d.     Failing to properly slow down as Train 188 approached the dangerous curve at Frankford Junction;

     e.     Failing to adequately train and supervise the operator and crew on the train;

     f.     Hiring an incompetent operator, engineer and/or crew to operate the train;

     g.     Failing to ensure the train was equipped with a PTC or other speed limiting system;

     h.     Failing to ensure the train utilized an advanced civil speed enforcement system, especially when such a system was utilized on southbound trains in the same or similar Frankford Junction location;

     i.     Failing to properly inspect the train in question;

     j.     Failing to properly inspect the railroad tracks at Frankford Junction;

     k.     Failing to properly maintain and/or repair the train in question;

     l.     Failing to properly maintain and/or repair the railroad tracks/track system in question;

     m.     Failing to take proper action in response to complaints about the railroad tracks, signs, and/or signals in question;

n.   Causing and/or permitting a train carrying hundreds of passengers to enter the sharp turn at Frankford Junction at speeds of 106 m.p.h., even though the speed limit was 50 m.p.h.;

o.   Failing to have properly trained personnel inspect the condition of the train's control system;

p.   Failing to have properly trained personnel inspect the condition of the railroad's train-control system;

q.   Failing to perform required inspections of the railroad tracks/track system in question;

r.   Failing to perform required inspections of the train in question;

s.   Failing to install a proper train-control speed system;

t.   Violating governmental statutes, regulations and requirements with respect to the train, train system, signs, and/or signals in question;

u.   Failing to properly inspect, maintain, and repair the signal system associated with the train and train tracks in question;

v.   Failure to comply with Amtrak's own safety, operating, and other rules, procedures and regulations;

w.   Allowing improperly trained and unqualified personnel to operate the train in question;

x.   Failing to use shatterproof glass for the windows of the train;

y.   Possessing, using, and allowing the possession and/or use of a cellular telephone or similar device during the operation of Train 188;

z.   Failing to comply with the rules of the Northeast Operating Rules Advisory Committee (NORAC);

11

aa.   Failing to comply with the Rail Safety Improvement Act (RSIA); and

bb.   Failing to comply with the Federal Locomotive Inspection Act.

65.   Through the actions and inactions described above, Defendants directly and proximately caused Plaintiff's damages as described herein.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in excess of the jurisdictional limit, together with interest, costs and attorney's fees, and such other relief as this Court deems just.

## COUNT II — OUTRAGEOUS CONDUCT (PUNITIVE DAMAGES) PLAINTIFF v. ALL DEFENDANTS

66.   All preceding paragraphs are incorporated herein by reference.

67.   Amtrak, by and through its agents and employees such as Mr. Bostian, operated the subject train at a rate of speed in excess of 100 miles per hour prior to derailment.

68.   Amtrak, by and through its agents and employees such as Mr. Bostian, operated the subject train at a rate of speed twice the posted speed limit prior to derailment.

69.   A passenger train should never be operated at such outrageously excessive rates of speed, and doing so is reckless.

70.   Amtrak blatantly ignored the safety and design recommendations of the National Transportation Safety Board regarding the use and implementation of the PTC system.

71.   Amtrak knew that the dangerous condition in conjunction with the lack of PTC system on its train posed a very high risk of serious bodily injury and/or death to passengers.

72.   Amtrak knowingly, willfully and intentionally failed to take proper and recommended action to make its trains safe for passengers.

73.     Amtrak failed to incorporate the NTSB safety recommendations and safety designs to save money.

74.     Amtrak put profits over people and exposed its passengers like Plaintiffs to unsafe conditions and hazards to improve their bottom line.

75.     Defendants' conduct rises to the level of outrageous conduct by willfully and recklessly ignoring the known dangerous condition of Train 188 and Frankford Junction which caused death and injuries.

76.     Defendants acted in a willful, wanton and reckless disregard for the safety of their passengers.

77.     This derailment was the result of conduct carried out by Amtrak and its employees and agents such as Mr. Bostian with a conscious and flagrant indifference to the rights and safety of others.

78.     This and other misconduct constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others to support an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in excess of the jurisdictional limit, together with interest, costs and attorney's

fees, and such other relief as this Court deems just.

                                 **EISENBERG, ROTHWEILER,**
                                 **WINKLER, EISENBERG & JECK, P.C.**

BY: _____

                               Kenneth M. Rothweiler, Esquire
                               Fredric S. Eisenberg, Esquire
                               Todd A. Schoenhaus, Esquire
                               1634 Spruce Street
                               Philadelphia, PA  19103
                               215-546-6636
                               Attorneys for Plaintiff

Dated: February 25, 2016

14

## JURY DEMAND

Plaintiff hereby demands trial by jury in accordance with the Federal Rules of Civil Procedure.

**EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.**

BY: _____

Kenneth M. Rothweiler, Esquire
Fredric S. Eisenberg, Esquire
Todd A. Schoenhaus, Esquire
1634 Spruce Street
Philadelphia, PA  19103
215-546-6636
Attorneys for Plaintiff

Dated: February 25, 2016